UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL R. RAY,

           Plaintiff,

           - against -

CHECK PROCESSING BUREAU, et al.,

           Defendants.

OPINION & ORDER

07 Civ. 10567 (RJH) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

*Pro se* plaintiff, Michael Ray, commenced this action on November 26, 2007, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Ray's request to proceed *in forma pauperis* was granted on November 26, 2007.  Pending before the Court is Ray's application for appointment of counsel.  For the reasons set forth below, Ray's application is **DENIED** without prejudice.

## II.  FACTS

Ray is currently incarcerated in the Federal Correctional Institution at Estill, South Carolina, where he has been confined since March, 2003. (Compl. at 3.) In August, 2007, Ray received word from his mother that she had received a fax addressed to him at her residence in New York, and that she was concerned because she had read the contents of the fax. She advised Ray that he was "about to be arrested for bad checks." (*Id.*) Ray instructed his mother to mail the fax to him, and that he would "get to the bottom of it." (*Id.*) The fax, addressed to Michael Ray from Agent Lewis of Check Processing Bureau, indicated that Ray had "ignored previous demands to make restitution for dishonored checks fraudulently issued to [Circuit City]"; that his

case "[was] currently being reviewed to determine if criminal prosecution will be recommended"; and that "immediate payment [was] required to close this matter." (*Id.* at Exh. A.) Ray asserts that he owes no debt to Defendants, nor to Circuit City, the vendor referenced in the fax. (*Id.* at 5.)

Ray alleges that Defendants violated the FDCPA when they faxed the collection notice to his mother's home regarding the debt that they claimed he owed. (Compl. at 6.) He further alleges that Defendants' written representation in this collection notice that his case was "currently being reviewed to determine if criminal prosecution will be recommended" was included to mislead Ray into making a payment on this debt to avoid prosecution. (*Id.*) Finally, Ray alleges that Defendants engaged in unfair practices in violation of the FDCPA when establishing their organization and engaging in the collection of Ray's alleged debt. (*Id.* at 7.)

Ray requests the appointment of a lawyer because he has had difficulty locating and identifying the Defendants in order to serve them. (Application for the Court to Request Counsel, Docket No. 18.) He notes that further investigation is required in order to effect service, and that his ability to do so has been limited by the fact that he is incarcerated. (*Id.*) He explains that he has written to the NY Bar Association in an attempt to locate attorneys who handle FDCPA cases, and with the information he received, wrote three letters to counsel that went unanswered. (*Id.*)

### III.  DISCUSSION

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel.  However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  In determining whether to appoint

2

counsel for an indigent civil litigant, the Court considers numerous factors, and "exercises substantial discretion, subject to the requirement that it be guided by sound legal principles." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (citations omitted). The Court's first inquiry is whether plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). If the Court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Once an initial determination has been made as to indigence and merit, the Court has discretion to consider the following factors: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 3) the indigent's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61-62.

    Ray satisfies the threshold requirement of indigence insofar as his *in forma pauperis* status establishes his inability to afford counsel. From the facts alleged in his complaint, Ray's claim also appears sufficiently meritorious under the FDCPA to satisfy the second threshold requirement. However, there is no reason to believe, at this time, that appointment of counsel would be more likely to lead to a just determination of Ray's claims. Ray has been able to gather evidence, the legal issues involved in his claims appear relatively straightforward, and Ray's only difficulty in prosecuting his case appears to be his failure to properly serve Defendants. Therefore, Ray's application is **DENIED** without prejudice.

    It should be noted that, after Ray's defective first attempt at service, the Pro Se Office

sent a new service packet to Ray on February 3, 2009. The U.S. Marshalls Service confirmed to the Court on February 27, 2009, that Ray completed and returned the service materials to them, and that they are in the process of attempting to execute proper service upon Defendants on behalf of Ray.

### III. CONCLUSION

For the foregoing reasons, Ray's application for appointment of counsel is **DENIED** without prejudice.

**SO ORDERED this 9th day of March 2009**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

4